UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DARRELL WAYNE HARDAWAY, | § | |
| (TDCJ-CID #02028688) | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 6:19-CV-49 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Darrell Wayne Hardaway, a state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from a conviction for manufacture or delivery of a controlled substance that resulted in a sentence of 25 years' imprisonment in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ"). (Dkt. No. 1). Respondent has filed a motion for summary judgment, arguing that Hardaway's claims should be dismissed because they lack merit. (Dkt. No. 10). Hardaway has not responded to the summary judgment motion, and his time to do so has expired. After considering the pleadings and filings, the record, and the applicable law, the Court will grant Respondent's motion for summary judgment and dismiss this action for the reasons explained below.

## I. BACKGROUND

On direct appeal, the Thirteenth Court of Appeals summarized the relevant facts as follows:

On August 9, 2014, at approximately 1:30 a.m., Jason Stover, a detective with the Victoria Police Department, was traveling eastbound on Houston Highway in a police unit when he observed a vehicle exiting the Six Flags Motel. According to Stover, the motel is considered a "high crime" location because of "illegal

narcotic drug" activity and prostitution. When the vehicle drove onto the westbound lane of Houston Highway, Stover "turned around in the middle of the road just to see if [he] could get some probable cause to stop the vehicle."

As the vehicle traveled on Houston Highway, its driver, according to Stover, committed two traffic infractions—changing lanes without a signal and making a "wide turn" off of the highway and onto an adjoining street. Stover followed the vehicle off of the highway and into a residential neighborhood. Stover activated his police unit's lights, and, as the pursuit proceeded, he later activated the siren. The vehicle did not immediately stop. It traveled at approximately forty to forty-five miles per hour through a residential neighborhood that, according to Stover, was not known for drug activity. After turning three corners, the vehicle collided with a parked pickup truck. The collision caused the vehicle's airbags to deploy. Stover recalled that no other cars were parked along the street where the collision occurred and no pedestrians were in the vicinity.

After the collision, Stover approached the vehicle and asked Hardaway to exit it. According to Stover, Hardaway did not appear intoxicated. When Stover asked Hardaway why "he was running," he answered that "his foot got stuck on the brake pedal." Soon thereafter, two police officers arrived. One of [the] officers spotted a baggie along the curb, approximately fifteen feet behind Hardaway's vehicle. Forensic testing later determined that the baggie contained 7.86 grams of crack cocaine; no fingerprints were found on the baggie. The State asked Stover whether the amount of crack cocaine found was "somewhere from 25 to 70 personal usage amounts," to which he answered, "Yes." Stover also testified that the crack cocaine found could be valued "anywhere from eight, [$]800 to $1,200." He further testified that the passenger window on Hardaway's vehicle was rolled down. Stover posited that Hardaway could have thrown the baggie out of the passenger's side window before the collision. According to Stover, there are only two causes of an accident during a police pursuit: (1) speed or (2) "somebody's dividing their attention, i.e., discarding evidence from the vehicle, they tend to wreck it." On cross-examination by Hardaway, Stover denied seeing Hardaway discard the baggie and he acknowledged that no narcotics were found on Hardaway when he was searched.

*Hardaway v. State*, No. 13-15-00507-CR, 2017 WL 3431827, at *1 (Tex. App.—Corpus Christi-Edinburg, Aug. 10, 2017, pet. ref'd).

A grand jury in the 24th District Court in Victoria County, Texas, returned an indictment against Hardaway in Cause No. 14-10-28274-A, charging him with manufacture or delivery of a controlled substance in an amount of four grams or more but less than two hundred grams (Count One), and evading arrest with a vehicle (Count Two). (Dkt. No. 11-32, at 6–7, 12–13). Prior to

trial, Hardaway's counsel, Joyce Leita, filed a motion to suppress, requesting, *inter alia*, that all tangible evidence seized by law enforcement in connection with Hardaway's arrest be suppressed. (*See* Dkt. No. 11-32, at 23–24). After a hearing was held on the motion in which Officer Stover testified, (*see* Dkt. No. 11-40), the trial court judge issued a five-page written order denying Hardaway's motion to suppress, (*see* Dkt. No. 11-32, at 27–31). The case then proceeded to a bench trial and the state district court judge found Hardaway guilty as to both counts. *See Hardaway*, 2017 WL 3431827, at *1; (Dkt. No. 11-32, at 40–42, 44–46; Dkt. No. 11-35; Dkt. No. 11-36). The trial court found that at the time Hardaway committed the two counts, he had previously been convicted of a felony. *See Hardaway*, 2017 WL 3431827, at 2; (Dkt. No. 11-32, at 40–42, 44–46). Because of his prior record, an enhancement was applied to Hardaway's sentence. *See Hardaway*, 2017 WL 3431827, at 2; (Dkt. No. 11-32, at 40–42, 44–46). The trial court sentenced Hardaway to 25 years' imprisonment for Count One and to 15 years' imprisonment for Count Two, to run concurrently. *See Hardaway*, 2017 WL 3431827, at *2; (Dkt. No. 11-32, at 40–42, 44–46). Hardaway then filed a direct appeal, challenging only the conviction for manufacture or delivery of a controlled substance (Count One). *See Hardaway*, 2017 WL 3431827, at *2. On August 10, 2017, the Thirteenth Court of Appeals affirmed the judgment of the trial court, and on February 28, 2018, the Texas Court of Criminal Appeals refused Hardaway's petition for discretionary review. *See id.* at *1; (Dkt. No. 11-15; Dkt. No. 11-16; Dkt. No. 11-9, at 1).

Hardaway executed a state application for writ of habeas corpus on March 14, 2019. (*See* Dkt. No. 11-44, at 20, 23). In his state application, Hardaway challenged his conviction on the following grounds: (1) the evidence was legally insufficient to establish "possession"; (2) his trial counsel provided ineffective assistance at the suppression hearing when she "failed to

emphasize" that a chain of custody for the cocaine was not properly established; and (3) the trial court erred when it overruled his motion to suppress and when it found him guilty of Count One. (*Id.* at 5–23). On April 8, 2019, the state district court judge issued an order on Hardaway's state habeas application, finding that there were "no disputed or controverted facts that need to be determined." (Dkt. No. 11-44, at 50). The state district court judge ordered the application to be forwarded to the Court of Criminal Appeals. (*Id.*). On May 8, 2019, the Texas Court of Criminal Appeals denied the application "without written order." (Dkt. No. 11-42).

On June 7, 2019, Hardaway filed the pending federal petition for writ of habeas corpus. (*See* Dkt. No. 1, at 10). Similar to his state court proceedings, Hardaway claims that his constitutional rights were violated in three ways. First, he argues that the evidence at trial was legally insufficient to establish the "possession" element of the crime. (Dkt. No. 1, at 6; Dkt. No. 2, at 9–14). Second, he claims that his trial counsel provided ineffective assistance at the suppression hearing when she failed to argue that a chain of custody for the cocaine had not been established. (Dkt. No. 1, at 6; Dkt. No. 2, at 15–20). Third, he contends that the trial court erred in overruling his motion to suppress. (Dkt. No. 1, at 7; Dkt. No. 2, at 6, at 21–25).

Respondent has filed a motion for summary judgment, arguing that Hardaway's claims should be dismissed because they are meritless. (Dkt. No. 10). Hardaway did not respond to Respondent's motion for summary judgment.

## II.    THE APPLICABLE LEGAL STANDARDS

### A.    The Antiterrorism and Effective Death Penalty Act

This federal petition for habeas corpus is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Woodford v. Garceau*, 538 U.S. 202, 205–08 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335–36 (1997). Under the AEDPA, federal

habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7–8 (2002) (quoting 28 U.S.C. § 2254(d)); *Cobb v. Thaler*, 682 F.3d 364, 372–73 (5th Cir. 2012) (same). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts." *Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010) (citing *Williams v. Taylor*, 529 U.S. 362, 404–08 (2002)). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Where a claim concerns a question of fact, the AEDPA precludes federal habeas relief unless the state court's adjudication of the merits was based on an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *see also Martinez v. Caldwell*, 644 F.3d 238, 241–42 (5th Cir. 2011). A state court's factual determinations are "presumed to be correct" unless the petitioner rebuts those findings

with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness extends not only to express factual findings, but also to implicit or "unarticulated findings which are necessary to the state court's conclusion of mixed law and fact.'" *Murphy v. Davis*, 901 F.3d 578, 597 (5th Cir. 2018) (quoting *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001)). A federal habeas court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." *Brumfield*, 135 S. Ct. at 2277. This Court may only consider the factual record that was before the state court in determining the reasonableness of that court's findings and conclusions. *Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011).

Generally, federal courts presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting that same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Jackson v. Johnson*, 194 F.3d 641, 651 (5th Cir. 1999) ("When faced with a silent or ambiguous state habeas decision, the federal court should 'look through' to the last clear state decision on the matter."). When, however, "a state court's decision is unaccompanied by an explanation," and the lower courts did not issue a reasoned opinion, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98; *see also Salts v. Epps*, 676 F.3d 468, 480 n.46 (5th Cir. 2012) ("[W]here a state court summarily denies a petitioner's motion, and provides no statement of its reasons, 'the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.'") (quoting *Harrington*, 562 U.S. at 98).

### B. Summary Judgment Standard in Habeas Corpus Proceedings

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citing Rule 11 of the Rules Governing § 2254 Cases and Fed. R. Civ. P. 81(a)(2)). In ordinary civil cases a district judge considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014). The AEDPA, however, modifies summary judgment principles in the habeas context, and Rule 56 "applies only to the extent that it does not conflict with the habeas rules." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). "Therefore, § 2254(e)(1)—which mandates that findings of fact made by a state court are 'presumed to be correct'—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party." *Smith*, 311 F.3d at 668.

### C. *Pro Se* Litigants

Hardaway is proceeding *pro se*. This Court is required to construe *pro se* petitions liberally. *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.") (citations omitted); *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) ("[Petitioner]'s pro se application for habeas relief is entitled to liberal construction.") (citations omitted). Pleadings by *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III.    ANALYSIS

#### A.    Sufficiency of the Evidence (Claim One)

Hardaway claims that the evidence in his case was legally insufficient to support his conviction for manufacture or delivery of a controlled substance in an amount of four grams or more but less than two hundred grams. (Dkt. No. 2, at 9–14). In particular, he argues that the possession element of the crime was not proven because he was not sufficiently "linked" to the cocaine. (*Id.*). Respondent contends that this claim is without merit. (Dkt. No. 10, at 7–13).

On federal habeas corpus review, the evidentiary sufficiency of a state court conviction is governed by the legal standard found in *Jackson v. Virginia*, 443 U.S. 307 (1979). This standard requires only that a reviewing court determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). In conducting that review, a federal court may not substitute its view of the evidence for that of the fact-finder, but must consider all of the evidence in the light most favorable to the prosecution. *See Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995) (per curiam).

Hardaway was convicted of manufacture or delivery of a controlled substance in an amount of four grams or more but less than two hundred grams, in violation of Texas Health and Safety Code § 481.112(a) and (d). A person commits this offense if he "knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." Tex. Health & Safety Code § 481.112(a).

On direct review, the Texas Thirteenth Court of Appeals addressed Hardaway's sufficiency of the evidence claim under the *Jackson* standard and concluded that there was

sufficient evidence to the establish the requisite possession and to support a conviction for manufacture or delivery of a controlled substance. The court, relying on the evidence discussed in Section I, *supra*, set forth the following analysis:

## A.  Standard of Review Regarding Legal Sufficiency

In Hardaway's first issue, he contends that the evidence is legally insufficient to support the "possession" element of the offense of manufacture or delivery of a controlled substance.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict (or trial-court finding when the case is tried to the bench) and determine, based on that evidence and any reasonable inferences therefrom, whether a rational factfinder could have found the elements of the offense beyond a reasonable doubt. *See Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). In making this review, we consider all evidence in the record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Although we consider everything presented at trial, we do no reevaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury (or trial court in this case) is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict (or trial-court finding as in this case). *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

## B.  Applicable Law Regarding Legal Sufficiency Challenge

To prove appellant committed this offense, the State was required to show beyond a reasonable doubt that Hardaway knowingly possessed with intent to deliver crack cocaine in the amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d). The State was required to establish that Hardaway exercised control, management, or care over the controlled substance and knew it was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Hardaway's connection to the crack cocaine must be more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). Mere presence in the same place as the controlled substance is insufficient to justify a finding of possession. *Id.* at 162.

Under Texas law, presence or proximity, when combined with other evidence, either direct or circumstantial, may establish possession. *Id.* When a defendant does not have exclusive possession of the place where the contraband was found, such as in this case, we must examine the record to determine if there are any additional, independent facts that "affirmatively link" Hardaway to the crack cocaine. *See Poindexter*, 153 S.W.3d at 406. The requirement of "affirmative links" is aimed at protecting innocent bystanders from conviction based solely on their proximity to someone else's contraband. *Id.*

The following nonexclusive list of factors has been recognized as tending to establish affirmative links: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *See Evans*, 202 S.W.3d at 162 n.12; *Black v. State*, 411 S.W.3d 25, 29 (Tex. App.—Houston [14th Dist.] 2013, no pet.). It is "not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162.

## C. Analysis of Legal Sufficiency Challenge

Hardaway's legal sufficiency challenge contends that twelve of the "affirmative links" factors articulated in *Evans* are not present in this case and that the only two—the third factor, Hardaway's proximity, and the seventh factor, Hardaway's flight—are insufficient to satisfy a legal sufficiency review.

But, we are prohibited from taking a "divide and conquer approach" in analyzing the legal sufficiency of evidence in criminal cases. *See generally*, *Smith v. State*, 332 S.W.3d 425, 442 (Tex. Crim. App. 2011) (holding that a "divide and conquer approach" is "incorrect" in assessing the legal sufficiency of evidence and requiring reviewing courts to consider the combined force of all of the non-accomplice evidence that tends to connect the accused to the offense). With this rule in mind, we must reject Hardaway's legal sufficiency challenge and hold that the cumulative weight of the evidence, along with all reasonable inferences that the trial court could draw, sufficiently establishes affirmative links that support the trial court's finding of guilt.

The third "affirmative links" factor, Hardaway's proximity to and the accessibility of the contraband, weighs against Hardaway's legal sufficiency challenge. As part of the terms "proximity" and "accessibility," we credit the fact that Hardaway was seen leaving a location that, according to Stover, was known as a "high crime" location because of "illegal narcotic drug" activity and prostitution. A reasonable factfinder could infer that someone at such a location may have been able to purchase contraband such as crack cocaine.

The twelfth "affirmative links" factor, whether the place where the drugs were found was enclosed, when read broadly, tends to weigh against Hardaway's legal sufficiency challenge. True, the crack cocaine was not found in an enclosed space and was instead on a public street. But, that street was in a residential neighborhood that, according to Stover, was not known for drug activity. A reasonable factfinder could infer that it would be highly unlikely for eight hundred to twelve hundred dollars' worth of crack cocaine to be coincidentally misplaced on a curb, where no pedestrians were present, fifteen feet from where Hardaway's vehicle, with its passenger windows rolled down, collided with a parked pickup truck.

The seventh factor, Hardaway's flight, as he acknowledges, weighs against his legal sufficiency challenge. Additionally, in connection with this factor, we note the manner in which Hardaway's flight ended. Stover suggested that Hardaway collided with a parked pickup truck because he was distracted—presumably by throwing the baggie out of the rolled down passenger-side window. A reasonable factfinder could have believed Stover's theory, unsubstantiated as it was, for why Hardaway collided with a parked pickup truck.

Giving "cumulative force" to evidence before the trial court and lending any reasonable inference in support of its finding that Hardaway "possessed" the crack cocaine found at the accident scene, we hold that the evidence is legally sufficient.

*Hardaway*, 2017 WL 3431827, at *2–4 (footnote omitted).

Where, as here, a state appellate court has reviewed the sufficiency of the evidence, that court's opinion is entitled to "great weight." *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985) (per curiam) (citing *Jackson*, 443 U.S. at 310 n.15); *see also Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993) ("Where a state appellate court has conducted a thoughtful review of the evidence . . . its determination is entitled to great deference.") (citation omitted). As indicated above, the AEDPA presumes the correctness of state court findings of fact and places a "clear

and convincing" burden on the petitioner who attempts to rebut that presumption. 28 U.S.C. § 2254(e)(1); *see also Sumner v. Mata*, 449 U.S. 539, 545–46 (1981) (holding that findings by a state appellate court are entitled to the same deference owed to findings by trial courts). Hardaway has not attempted to rebut any of the state courts' fact findings and, therefore, the state courts' findings are presumed correct for purposes of federal habeas corpus review.

Based on its own review of the record, this Court concludes that a rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. Hardaway's departure from a location known for high crime, his subsequent flight from the police, Officer Stover's testimony that, in his experience, a defendant trying to discard evidence from a vehicle is one of two scenarios that cause an accident in a police pursuit, and that the cocaine was found "15 feet or so" from where Hardaway crashed his vehicle in a residential neighborhood not known for drug activity, was sufficient for a rational fact-finder to find Hardaway guilty beyond a reasonable doubt. (*See* Dkt. No. 11-35, at 11–46, 71–92). Hardaway fails to show that the state court's decision to reject his claim was contrary to, or involved an unreasonable application of *Jackson*, or was otherwise based on an incorrect determination of the facts. Because Hardaway does not demonstrate that relief is warranted under the governing federal habeas corpus standard of review, Respondent is entitled to summary judgment on this claim.

### B. Ineffective Assistance of Counsel (Claim Two)

In his second claim for relief, Hardaway argues that his trial counsel, Joyce Leita, provided ineffective assistance at the suppression hearing when she failed to argue that a chain of custody for the cocaine had not been established because the exact identity of the officer who first spotted the cocaine was not determined. (*See* Dkt. No. 2, at 15–20). Hardaway claims that

if Ms. Leita had "familiarized herself with the circumstances surrounding the instant case," she would have realized that "because no officer at the scene . . . admitted to actually having found the 'discarded' cocaine, she had a very sound basis for having the admittance of the 'found' contraband suppressed." (*Id.* at 17). In support of this argument, Hardaway cites to Article 38.42 of the Texas Code of Criminal Procedure as requiring that a chain of custody for seized contraband "demonstrate where the chain originates and by whom," and that "[a]bsent such an identification, no real chain of custody is established because nobody can truly say where the chain originated." (*Id.*). Respondent argues that this claim is without merit and should be denied. (Dkt. No. 10, at 14–19).

In Hardaway's state collateral proceeding, the state trial court judge used a form order to transmit the habeas file to the Texas Court of Criminal Appeals.[1] (Dkt. No. 11-44). The Texas Court of Criminal Appeals then denied Hardaway's state habeas application without written order. (Dkt. No. 11-42). In situations like this—where no opinion addressing a petitioner's claims was issued during the pendency of the state collateral proceedings—the AEDPA standard still controls. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98. Stated differently, in reviewing a state court habeas decision reached without explanation, "a federal court must 'determine what arguments or theories . . . could have supported the state court's decision,' and then ask 'whether it is possible

---

[1] The entirety of the state trial court's order reads as follows:

> On this day came on to be heard the above captioned application for writ of habeas corpus. The court, having reviewed the application, finds that there are no disputed or controverted facts that need to be determined. Accordingly, the court orders the clerk to forward the application to the Court of Criminal Appeals.

(Dkt. No. 11-44, at 50).

fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision' of the Supreme Court." *Williams v. Thaler*, 684 F.3d 597, 603 (5th Cir. 2012) (quoting *Harrington*, 562 U.S. at 102). Moreover, a federal court is to "review only the ultimate legal determination by the state court—not every link in its reasoning." *Trottie v. Stephens*, 720 F.3d 231, 241 (5th Cir. 2013) (citations omitted). With these principles in mind, the Court will now turn to Hardaway's ineffective assistance of counsel claim.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice to the defense as a result. *See Strickland*, 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Id.* Failing to show either deficient performance or prejudice is fatal to an ineffective assistance claim. *See id.*; *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998). "Like AEDPA, *Strickland* establishes a deferential standard," and in order to prevail on an ineffective assistance of counsel claim in a § 2254 proceeding, a petitioner "must prove both that his counsel's performance was objectively deficient and that his counsel's deficiency prejudiced him, and that no reasonable jurist could conclude otherwise." *Williams*, 684 F.3d at 604; *see also Harrington*, 562 U.S. at 105 ("When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.").

To demonstrate deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *see also Harrington*, 562 U.S. at 105 ("The question is whether an attorney's representation

amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom.") (citing *Strickland*, 466 U.S. at 690). This is a "highly deferential" inquiry in which "counsel is strongly presumed to have rendered adequate assistance" and that the challenged conduct was the product of reasoned trial strategy. *See Strickland*, 466 U.S. at 689–90; *Pape v. Thaler*, 645 F.3d 281, 292 (5th Cir. 2011). To overcome this presumption, a defendant must identify counsel's acts or omissions that did not result from reasonable professional judgment. *Strickland*, 466 U.S. at 690. Counsel's error, even if professionally unreasonable, does not warrant setting aside a conviction if the error had no effect on the outcome. *Id.* at 691 (citation omitted).

Judicial scrutiny of counsel's performance is highly deferential and must be considered in light of the services rendered at the time. *See id.* at 689. The court must determine "whether there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances." *Neal v. Puckett*, 286 F.3d 230, 236 (5th Cir. 2002). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In particular, "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a

reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Hardaway fails to establish that Ms. Leita's performance at the suppression hearing was objectively unreasonable or deficient. Hardaway argues that Article 38.42 of the Texas Code of Criminal Procedure sets out a standard regarding how a chain of custody is established and that Ms. Leita's failure to argue that the chain of custody was incomplete—because the identity of the officer who found the cocaine was not established—amounted to deficient performance. (Docket No. 2, at 16). Hardaway's interpretation of Article 38.42, however, is misplaced. Article 38.42 sets forth the requirements for a chain of custody affidavit to be "admissible in evidence . . . on behalf of the state or the defendant to establish the chain of custody of physical evidence *without the necessity of any person in the chain of custody personally appearing in court*." Tex. Code. Crim. Proc. Art. 38.42, § 1 (emphasis supplied). Ms. Leita was not deficient for failing to make an "incomplete chain of custody" argument under Article 38.42 because the prosecution was not relying on a chain of custody affidavit to offer evidence. No chain of custody affidavit was required at the suppression hearing because Officer Stover testified in person. *See Atkinson v. State*, 564 S.W.3d 907, 912 (Tex. App.—Texarkana, Nov. 9, 2018, no pet.) ("[A] properly presented chain-of-custody affidavit removes 'the necessity of any person in the chain of custody personally appearing in court.") (citing Tex. Code Crim. Proc. Ann. Art. 38.42, § 1 (West 2018)); *Sereal v. State of Tex.*, No. 01-09-00192-CR, 2011 WL 1234739, at *3 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, pet. ref'd) ("A chain-of-custody affidavit is merely one way for a party to establish the chain of custody of physical evidence without the necessity of any person in the chain of custody personally appearing in court. Such an affidavit, however, is not required to establish the chain of custody.") (citation omitted). Ms. Leita did not

perform deficiently when she failed to raise a meritless argument regarding the chain of custody requirements under Article 38.42. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim[.]"); *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").

Moreover, the record before this Court demonstrates that trial counsel's efforts at the suppression hearing were reasonable. At the hearing, Ms. Leita cross-examined Officer Stover at length regarding the cocaine, including the identity of the officer who first observed the cocaine on the side of the road. (Dkt. No. 11-40, at 13–22). While Hardaway may have desired that Ms. Leita would have focused even more on the identity of the officer who first spotted the cocaine, Ms. Leita's performance at the suppression hearing did not render her assistance constitutionally ineffective. *See Harrington*, 562 U.S. at 107 (stating that trial counsel is "entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies") (citations omitted). Further, the fact that Ms. Leita's efforts were unsuccessful does not render her performance unconstitutionally deficient. *See Martinez v. Dretke*, 99 F. App'x 538, 543 (5th Cir. 2004) ("[A]n unsuccessful strategy does not necessarily indicate constitutionally deficient counsel.").

Hardaway also fails to demonstrate a reasonable probability that had Ms. Leita continued to press on the identity of the police officer who first observed the cocaine on the side of the road, the result of the proceeding would have been different. To the contrary, the trial court's order denying the motion to suppress specifically found that "[a]n unidentified officer found a baggie containing a white substance, later determined to be crack cocaine near the scene where

the defendant crashed his car." (Dkt. No. 11-32, at 28). Despite specifically finding that the identity of the officer who first found the cocaine was unknown, the trial court still denied the motion to suppress because it found that the other evidence in the record was sufficient to link Hardaway to the cocaine. (*See* Dkt. No. 11-32, at 28–31). Similarly, the Thirteenth Court of Appeals found that Hardaway was sufficiently affirmatively linked to the cocaine so that the possession element of the crime was satisfied. *See Hardaway*, 2017 WL 3431827, at *2–4. Hardaway, therefore, is unable to show that the result of the proceeding would have been different.

Accordingly, Hardaway fails to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that the decision involved an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and Respondent is entitled to summary judgment on this claim.

## C.     Trial Court Erred When it Denied the Motion to Suppress (Claim Three)

In his third claim for relief, Hardaway argues that the trial court erred when it denied his motion to suppress.[2] (Dkt. No. 2, at 21–25). To prevail on such a claim, Hardaway must show that the trial court erred in such a manner as to render the trial as a whole fundamentally unfair. *See Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999). "An evidentiary error in a state trial justifies federal habeas corpus relief only if the error is 'so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause.'" *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1988) (quoting *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984)); *see also*

---

[2] In his third claim, Hardaway also argues that "for reasons cited in Point of Error Two, the trial court abused its discretion in finding Applicant guilty of Count One when the 'recovered' contraband, was, in fact, inadmissible." The rest of his argument focuses on his claim that the trial court erred when it denied his motion to suppress. (*See* Dkt. No. 2, at 21–25). To the extent Hardaway intended to bring a separate claim contending that the trial court abused its discretion when it found him guilty of Count One because his attorney provided ineffective assistance at trial and/or there was insufficient affirmative links connecting him to the cocaine, such claim is denied for the reasons stated in Parts III.A and III.B *supra*.

*Bigby v. Dretke*, 402 F.3d 551, 563 (5th Cir. 2005) ("[When determining whether a state court's admittance of evidence was so prejudicial that it rendered the trial fundamentally unfair], it is irrelevant whether the evidence was correctly admitted pursuant to state law. Rather, our sole inquiry is whether the admission violated the Constitution.") (citations omitted).

Federal habeas review of state trial court error is subject to the harmless error analysis under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). Under this standard, habeas petitioners "are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Brecht*, 507 U.S. at 637; *see also Bailey*, 744 F.2d at 1168 ("[A] state defendant has no constitutional right to an errorless trial."). Relief is proper only if the reviewing court has "grave doubt about whether a trial error . . . had 'substantial and injurious effect or influence in determining the jury's verdict.'" *Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)).

On direct appeal, Hardaway made a similar challenge. In affirming the conviction, the Thirteenth Court of Appeals considered and rejected Hardaway's claim that the trial court erred by denying his motion to suppress:

> We review a trial court's ruling on a motion to suppress using a bifurcated standard of review. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). We give almost total deference to the trial judge's determination of historical facts and of mixed questions of law and fact that rely on credibility determinations if they are supported by the record. *Id.* However, we review de novo questions of law and mixed questions of law and fact which do not rely on credibility determinations. *Id.* It is on the question of law where Hardaway's second issue falters.
>
> Hardaway fails to reference any legal authority in support of his contention that the "affirmative links" doctrine controls, in any way, how a trial court should rule on a motion to suppress. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). On the other hand, the basis for Stover's decision to pull over Hardaway is clear: a police officer may lawfully stop a motorist who has committed a traffic violation. *Garcia v. State*,

827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In this case, the trial court found that Hardaway committed a traffic violation by violating Texas Transportation Code Section 545.101. *See* Tex. Transp. Code Ann. § 545.101(a) (West, Westlaw through Ch. 49, 2017 R.S.) ("To make a right turn at an intersection, an operator shall make both the approach and the turn as closely as practicable to the right-hand curb or edge of the roadway.").

. . .

Hardaway's second issue is overruled.

*Hardaway*, 2017 WL 3431827, at *4. Hardaway has not established that the evidence should have been suppressed or that the trial court erred in any way that had a substantial and injurious effect on the verdict. Moreover, Hardaway has failed to show that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was otherwise based on an incorrect determination of the facts. Because Hardaway does not demonstrate that he is entitled to relief on this claim, Respondent's motion for summary judgment on this issue will be granted.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), a petitioner may not appeal the final order of a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §2253(c)(1). Rule 11 of the Rules Governing Section 2254 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The showing necessary for a Certificate of Appealability ("COA") is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues

are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

Hardaway has not made the necessary showing. Accordingly, a certificate of appealability is **DENIED**.

## V. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Dkt. No. 10) is **GRANTED**;

2. The petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED with prejudice**; and

3. A certificate of appealability is **DENIED**.

It is so **ORDERED**.

SIGNED on this 19th day of March, 2020.

_____
Kenneth M. Hoyt
United States District Judge